United States District Court
for the
Southern District of Florida

| | |
|---|---|
| Felix Mizioznikov, Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 16-61616-Civ-Scola |
| | ) |
| Benisa Forte, Briano Forte, and Ronald Roth, Defendants. | ) |

### Order on Motion to Dismiss

The Defendants Ronald Roth and Benisa Forte ask this Court to dismiss the Plaintiff, Felix Mizioznikov's complaint for failure to state a cause of action. (Mot., ECF No. 24.) Mizioznikov responded (ECF No. 27), and the Defendants replied (Reply, ECF No. 30). This matter is ripe for the Court's decision. For the reasons set forth in this Order, the Court **grants** the Motion (**ECF No. 24**).

1. **Background**

Mizioznikov, a photographer, brings a claim for copyright infringement against the Defendants. (Compl. ¶¶ 9, 23–27, ECF No. 1.) On April 2, 2010, Mizioznikov took photographs of Briano Forte,[1] Benisa Forte's 17-year-old son. (*Id.* ¶¶ 10–11.) Benisa Forte ("Forte") signed a release allowing Mizioznikov to license the photographs for use in other media for any purpose except pornography or defamation. (*Id.* ¶ 13; *see also Id.* Ex. 2-A at 14, ECF No. 1-6.) Although directly contradicted by the release attached to the complaint, Mizioznikov alleges in the complaint that he granted the Fortes "a limited license to use the [photographs] to promote Briano's modeling career." (*Id.*; Compl. ¶ 12.)

In 2013, the specific photograph at issue appeared on the cover of the book *Apple Polisher* by Heidi Belleau, as part of the "Rear Entrance Video Universe." (*Id.* Ex. 2-B at 16, ECF No. 1-6.) The main character of the book is a "straight-A student [with] a dirty little secret" who "fall[s] for his new roommate—tattooed bad-boy Max, who may or may not be a drug dealer." (*Id.*) The Fortes considered the book cover a pornographic and defamatory use of the photograph. (*Id.* Ex. 2 ¶¶ 15–18, ECF No. 1-6.)

On August 27, 2014, the Fortes, with Roth as their attorney, filed a complaint against Mizioznikov for injunctive relief, defamation, and breach of contract in the Seventeenth Judicial Circuit in and for Broward County, Florida. (Compl. ¶ 15, ECF No. 1; *Id.* Ex. 2 at 2–19, ECF No. 1-6.) Again on October 28,

---

[1] Briano Forte has not participated in these proceedings. In fact, the Clerk entered default against Briano Forte on January 18, 2017. (ECF No. 40.)

2015,[2] the Fortes, with Roth as their attorney, filed a complaint against Mizioznikov for defamation, intentional infliction of emotional distress, and breach of contract in the Seventeenth Judicial Circuit in and for Broward County, Florida. (Compl. ¶ 16, ECF No. 1; *Id.* Ex. 3 at 2–19, ECF No. 1-7.) The Fortes, via Roth, attached a copy of the internet purchase page for *Apple Polisher*, printed from Riptide Publishing's webpage ("the order form"), to each of their complaints. (Compl. Ex. 2-B at 16, ECF No. 1-6; *Id.* Ex. 3 at 13, ECF No. 1-7.)

More than six years after publishing the photograph, Mizioznikov obtained a copyright registration of the photograph.[3] (Compl. ¶ 14, ECF No. 1; Notice, ECF No. 23.)

Based on these facts, the complaint asserts that the Defendants infringed on Mizioznikov's copyrighted work.

### 2. Legal Standard

When considering a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure, the Court must accept all of a complaint's well-pleaded factual allegations as true, construing them in the light most favorable to the plaintiff. *Pielage v. McConnell*, 516 F.3d 1282, 1284 (11th Cir. 2008). Under Rule 8(a)(2) of the Federal Rules of Civil Procedure, a pleading need only contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Though the Rule does not require detailed factual allegations, it does require "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotations and citations omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556 (2007)). A court must dismiss a plaintiff's claims if he fails to nudge his "claims across the line from conceivable to plausible." *Id.* at 570.

### 3. Analysis

As an initial matter, Mizioznikov voluntarily dismissed this lawsuit as to Roth (ECF No. 41) before the Court considered the motion to dismiss. Thus the Court will address the issues raised by the motion to dismiss only as they relate to Benisa Forte.

Forte argues in her motion to dismiss that Mizioznikov cannot state a claim for copyright infringement for four reasons: (1) the photograph was not registered for copyright protection at the time the exhibit was attached to the state

---

[2] The complaint alleges that the state lawsuit was filed on February 9, 2016, but the lawsuit itself, which Mizioznikov attached to the federal lawsuit, shows that it was filed on October 28, 2015.
[3] Mizioznikov asserts in his application to register the photograph that it was first published on May 6, 2010, and the registration became effective July 6, 2016. (Notice, ECF No. 23.)

complaint; (2) the exhibit to the state complaint showed a book cover, not the actual photograph; (3) the exhibit to the state complaint was submitted with the sole purpose of illustrating the claims made against Mizioznikov; and (4) Mizioznikov gave Forte rights to use the photograph for whatever purpose she desired. (Mot. at 6, ECF No. 24.) Further, Forte asserts that even if Mizioznikov had stated a claim for copyright infringement, Forte's use of the photographs was de minimis and fair. (*Id.* at 7–8.)

Mizioznikov asserts that he allowed the Fortes "personal use of the photos for free," while the Fortes agreed that Mizioznikov "could license the images he took of Briano for any purpose in his stock photography business." (Resp. at 2, ECF No. 27.) Mizioznikov claims that the Fortes filed a frivolous state-court lawsuit because they were "distresse[d]" that the book on which the photograph appeared depicted a "romance" between two men. (*Id.* at 3.) Mizioznikov states that he was forced to file this action because he "simply [could not] sit idly by and allow Mr. Roth to keep copying his photograph to file frivolous pleading after frivolous pleading against him . . . with no end in sight[.]"[4] (*Id.* at 5.) Finally, Mizioznikov asserts that Forte presents arguments of "fair use" and "implied license," which constitute affirmative defenses and raise issues of fact not appropriate on a motion to dismiss. (*Id.* at 5–8.)

The Court finds that Mizioznikov does not and cannot state a claim for copyright infringement because (1) he has not pleaded sufficiently the ownership of a valid copyright, and (2) even if the Court were to assume that Mizioznikov owned a valid copyright, the face of the Complaint shows that Forte's use of the copyrighted work constitutes fair use.

### A. No Presumption of a Valid Copyright

To state a claim for copyright infringement, a plaintiff must allege (1) ownership of a valid copyright, and (2) that the defendant copied protected elements of the copyrighted material without authorization. *Latimer v. Roaring Toyz, Inc.*, 601 F.3d 1224, 1232–33 (11th Cir. 2010). A "certificate of a registration made before or within five years after first publication of the work shall constitute prima facie evidence of the validity of the copyright and of the facts stated in the certificate." 17 U.S.C. § 410(c). However, failure to obtain the registration within five years of publication places the burden to establish validity on the plaintiff. *Cameron v. Graphic Mgmt. Assocs., Inc.*, 817 F. Supp. 19, 22–23

---

[4] Mizioznikov stresses in the complaint and in his Response that the state-court complaint "constitutes a sham pleading" filed to harass and burden him. (*Id.* ¶¶18–19; Resp. at 3–7, ECF No. 27.) But the merits of the underlying complaint have absolutely no bearing on the merits of this federal copyright action or on the strength of the fair-use defense. Further, this Court will not evaluate the frivolity of a complaint within state-court jurisdiction.

(E.D. Pa. 1992); *see also Thornton v. J Jargon Co.*, 580 F. Supp. 2d 1261, 1272 (M.D. Fla. 2008).

Here, Mizioznikov waited more than six years after publication of the work to register it, and thus he failed to timely register the work. (Notice, ECF No. 23.) If fact, it appears that Mizioznikov's single interest in copyrighting the work was fulfilling the statutory precondition to filing a lawsuit. *See* 17 U.S.C. § 411(a); *see also Reed Elsevier, Inc. v. Muchnick*, 559 U.S. 154, 166 (2010) ("Section 411(a) imposes a precondition to filing a claim . . . ."). Because Mizioznikov cannot enjoy the presumptive validity of a timely filed registration, he must plead facts to support ownership of a valid copyright. The complaint relies entirely on the copyright registration to assert such ownership. Therefore, Mizioznikov has not pleaded adequately the threshold element to state a claim for copyright infringement. However, the Court will assume for purposes of the motion to dismiss that Mizioznikov owns a valid copyright in the photograph at issue. *Cf. Latimer*, 601 F.3d at 1234 ("Federal courts have historically applied a generous standard of originality in evaluating photographic works for copyright protection.") (internal citation and quotations omitted).

### B. No Unauthorized Copying with Fair Use of Work

Mizioznikov's claim also fails with respect to the second element because not all copying of a work constitutes infringement. *Id.* at 1238. As relevant here, an infringement claim fails where a defendant successfully asserts the affirmative defense of fair use of the work. *Id.* at 1238–39. While "the existence of an affirmative defense [generally] will not support a motion to dismiss[,]" *Quiller v. Barclays Am./Credit, Inc.*, 727 F.2d 1067, 1069 (11th Cir. 1984), *on reh'g,* 764 F.2d 1400 (11th Cir. 1985), a court may dismiss a claim based on an affirmative defense if that defense appears on the face of the complaint. *Bingham v. Thomas*, 654 F.3d 1171, 1175 (11th Cir. 2011); *see also Quiller*, 727 F.2d at 1069 ("[A] complaint may be dismissed under Rule 12(b)(6) when its own allegations indicate the existence of an affirmative defense, so long as the defense clearly appears on the face of the complaint.").

This is precisely what has occurred here. The complaint itself reveals that Forte's use of the order form, which features the photograph, constitutes permitted fair use. The complaint alleges nothing more than the use of the photograph as an exhibit attached to a state-court complaint. (Compl. ¶¶ 15–16.) Further, Mizioznikov attached the state-court complaint and the allegedly infringing exhibit to his complaint, allowing the Court to conduct a fair-use analysis. *See Hoefling v. City of Miami*, 811 F.3d 1271, 1277 (11th Cir. 2016) ("A district court can generally consider exhibits attached to a complaint in ruling on a motion to dismiss . . . ."); *see also* Fed. R. Civ. P. 10(c).

### *(1) Use of Work in Judicial Proceedings Weighs in Favor of Fair Use*

Overwhelming legal authority indicates that use of a copyrighted work in judicial proceedings generally cannot support a claim of copyright infringement. *See Religious Tech. Ctr. v. Wollersheim*, 971 F.2d 364, 367 (9th Cir. 1992) ("'[W]orks are customarily reproduced in various types of judicial proceedings, including obscenity and defamation actions . . . and it seems inconceivable that any court would hold such reproduction to constitute infringement either by the government or by the individual parties responsible for offering the work in evidence." (quoting 3 M. Nimmer & D. Nimmer, *Nimmer on Copyright* § 13.05[D] at 13–91 (1991))).

The issue remains undecided in the Eleventh Circuit. However, the Second, Fourth, Ninth, and Tenth Circuits have held that the use of copyrighted material as an exhibit in court proceedings constitutes fair use. *Hollander v. Steinberg*, 419 F. App'x 44, 47 (2d Cir. 2011) ("[T]he district court . . . correctly determined that [the defendant's] use of [the plaintiff's] essays [in judicial proceedings] was a fair use."); *Bond v. Blum*, 317 F.3d 385, 397 (4th Cir. 2003) *abrogated on other grounds by Kirtsaeng v. John Wiley & Sons, Inc.*, 136 S. Ct. 1979 (2016) ("[T]he district court did not err in concluding that the defendants' use of the manuscript as evidence in the state-court proceeding fell within the scope of fair use . . . ."); *Jartech, Inc. v. Clancy*, 666 F.2d 403, 407 (9th Cir. 1982) (holding that substantial evidence supported a jury's finding that the local government's use of copies of films as evidence in nuisance abatement proceedings constituted fair use); *Shell v. DeVries*, Case No. 07-1086, 2007 WL 4269047, at *1 (10th Cir. Dec. 6, 2007) (affirming district court's decision that the defendants' reproduction of pages from the plaintiff's website for use as evidence in judicial proceedings constituted fair use).

Additionally, many district courts in other circuits have found the same. *See, e.g., Healthcare Advocates, Inc. v. Harding, Earley, Follmer & Frailey*, 497 F. Supp. 2d 627, 636–37, 642 (E.D. Pa. 2007) (finding that the defendants' archiving and printing screenshots from the plaintiff's webpage for supporting documentation in a separate lawsuit constituted fair use); *Denison v. Larkin*, 64 F. Supp. 3d 1127, 1129, 1135 (N.D. Ill. 2014) (finding that the defendant's use of copyrighted blog entries in attorney disciplinary proceedings constituted fair use). Finally, the legislative history of the fair-use defense to copyright infringement includes "reproduction of a work in legislative or judicial proceedings or reports" as part of a non-exhaustive list of "activities the courts might regard as fair use under the circumstances." H.R. Rep. 94-1476, at 65 (1976), *reprinted in* 1976 U.S.C.C.A.N. 5659, 5678-79.

Only one fairly obvious exception to this trend has emerged—where the copyrighted work was created specifically *for litigation purposes*, courts have not found the use of that work as an exhibit in judicial proceedings to constitute fair

use. *See, e.g., Images Audio Visual Prods., Inc. v. Perini Bldg. Co.*, 91 F. Supp. 2d 1075 (E.D. Mich. 2000); *Ross v. Miller's Rexall Drugs, Inc.*, No. CIV. A. D-68840, 1990 WL 314290, at *1 (Ga. Super. Oct. 10, 1990). In *Perini*, the defendant construction firm commissioned aerial photographs for the purpose of creating "an evidentiary record of progress in the event that a dispute arises during or after construction." 91 F. Supp. 2d at 1077. When a dispute did in fact arise, the defendant sought to use those photographs in arbitration without paying the plaintiff the prices it quoted for reprinting the photographs. *Id.* at 1078. The defendant obtained one set of prints and had them photocopied, which resulted in the plaintiff filing a copyright infringement action. *Id.* After conducting a fair-use analysis, the district court determined that the fair-use doctrine did not protect the defendant from a copyright infringement claim "where litigation was one of the contemplated uses of the copyrighted photos at issue." *Id.* at 1077, 1086–87. The *Perini* court noted, however, "the important distinction between copyrighted works that happen to capture information that proves relevant to subsequent litigation, and works that are intended to capture such information, specifically for the purpose of litigation." *Id.* at 1086.

The photograph at issue was produced specifically for use in Mizioznikov's stock photography business and not for any evidentiary purposes. Thus, the circumstances of this case fall squarely into the widely accepted fair use of copyrighted material as exhibits in judicial proceedings.

### *(2) Case–specific analysis*

Nonetheless, courts have not established a *per se* rule regarding what uses are fair, and must engage in a case-by-case analysis. *Campbell v. Acuff-Rose Music, Inc.*, 510 U.S. 569, 577 (1994) ("The task is not to be simplified with bright-line rules, for the statute, like the doctrine it recognizes, calls for case-by-case analysis."). The Court thus looks to the four non-exhaustive statutory factors of fair use: "(1) the purpose and character of the allegedly infringing use; (2) the nature of the copyrighted work; (3) the amount of the copyrighted work used; (4) and the effect of the use on the potential market or value of the copyrighted work." *Katz v. Google Inc.*, 802 F.3d 1178, 1181 (11th Cir. 2015); *see also* 17 U.S.C. § 107. These factors "'are to be explored, and the results weighed together, in light of the purposes of copyright.'" *Katz*, 802 F.3d at 1182 (quoting *Campbell*, 510 U.S. at 578).

### *(a) Purpose and Character of the Work*

Under this factor, the Court considers "whether the use serves a nonprofit educational purpose, as opposed to a commercial purpose . . . ." *Katz*, 802 F.3d at 1182 (citation and internal quotations omitted). Use for a commercial purpose addresses "whether the user stands to profit from exploitation of the copyrighted material without paying the customary price." *Harper & Row Publishers, Inc. v.*

*Nation Enterprises*, 471 U.S. 539, 562 (1985). "If a challenged use of a copyrighted work is noncommercial, the party alleging infringement must demonstrate 'either that the particular use is harmful, or that if it should become widespread, it would adversely affect the potential market for the copyrighted work.'" *Bond*, 317 F.3d at 395 (quoting *Sony Corp. of Am. v. Universal City Studios, Inc.*, 464 U.S. 417, 451 (1984)).

Forte attached—to a state-court lawsuit for defamation and breach of contract—a print-out of an online order form for a book bearing the photograph on its cover. The book itself was central to Forte's claim of defamation—specifically, that Mizioznikov had "license[d] the photograph[] for use in . . . media for [the] purpose [of] . . . pornography or defamation." (Compl. Ex. 2-A at 14, ECF No. 1-6.) Attaching the order form to the state-court complaint served only one purpose—to provide evidentiary support to Forte's allegations in the state-court lawsuit. No commercial or financial exploitation motivated or resulted from Forte having attached the order form to her complaint.

Finally, the Court need look no further than the context of the Defendants' use of the work to conclude that Mizioznikov cannot demonstrate any harmful or adverse effect on the potential market for the photograph. The Defendants' use was limited, targeted, and not offensive to any right protected by copyright law. *See Bond*, 317 F.3d at 395 (finding no harm to a copyrighted work against which the law of copyrights protects where the defendant used the work in judicial proceedings).

Thus, this factor weighs heavily in favor of fair use.

*(b) Nature of the Copyrighted Work*

"The second fair use factor—the nature of the copyrighted work—recognizes that there is a hierarchy of copyright protection in which original, creative works are afforded greater protections than derivative works or factual compilations." *Katz*, 802 F.3d at 1183 (citation and internal quotations omitted). Further, even if the work is more creative than factual, prior publication of a work weighs in favor of fair use. *Id.*

Photographs generally are considered creative works closer to the core of copyright protection. *See, e.g.*, *Kelly v. Arriba Soft Corp.*, 336 F.3d 811, 820 (9th Cir. 2003) (finding photographs "generally creative in nature"). Even so, the Court notes that Forte attached the order form showing the book cover, in which design the photograph appears. In other words, the photograph was buried in layers of other expressive and creative forms. Moreover, Forte's use of the work implicated the context in which the work appeared and not the mode of expression itself. Finally, Mizioznikov alleges that the photographs were licensed for stock use and that the original publication date was May 6, 2010. (Compl. ¶¶ 9, 13, ECF No. 1;

Resp. at 2, ECF No. 27; Notice, ECF No. 23.) The book was published on July 29, 2013—after the original publication date. (Compl. Ex. 2-B at 16, ECF No. 1-6.)

The nature of the work attached to Forte's state-law complaint weighs in favor of fair use.

*(c) Amount of the Work Used*

The third factor analyzes "the amount and substantiality of the portion used in relation to the copyrighted work as a whole." 17 U.S.C. § 107(3). This factor "weighs less when considering a photograph—where all or most of the work often must be used in order to preserve any meaning at all . . . ." *Katz*, 802 F.3d at 1183–84.

Forte attached an image of the entire book cover to her state-court complaint, and the book cover contains only a portion of the photograph. But since that portion shows Briano Forte's face and torso, the portion of the photograph used in the book-cover design constitutes, in essence, the most substantial portion. Nonetheless, because the photograph "is not meaningfully divisible," *Katz*, 802 F.3d at 1184 (quoting *Seltzer v. Green Day, Inc.*, 725 F.3d 1170, 1178 (9th Cir. 2013)), the third factor weighs neither for not against fair use.

*(d) Effect of the Use on the Potential Market for the Work*

This factor concerns whether the use of the work will cause substantial harm to the copyright owner and "frustrate the purposes of copyright by materially impairing the defendant's incentive to publish the work." *Katz*, 802 F.3d at 1184 (citation and internal quotations omitted). Mizioznikov asserts that when Forte attached the book order form to her state-court complaint she "destroyed the market for [the photograph] since [Mizioznikov] has been forced to stop licensing it out for fear of incurring the further wrath of the Fortes." (Resp. at 7, ECF No. 27.)

The Court cannot fathom a scenario where the use of the order form as an attachment to a state-court complaint would cause substantial financial harm to Mizioznikov. On the contrary, attaching the order form could serve as an advertisement for purchasing the book. Depending on Mizioznikov's arrangement with Riptide Publishing, this could produce a financially favorable result for Mizioznikov. *See Bond*, 317 F.3d at 396 ("Ironically, if anything, the defendant's use increases the value of the work in a perverse way, but it certainly doesn't decrease it.").

Overall, this factor weighs heavily in favor of fair use.

Having considered all four fair-use factors, the Court finds that together they weigh in favor of fair use—in other words, although Forte did not have authorization to copy the photograph, her use of the photograph does not constitute infringement.

### 4. Motion for Attorney's Fees

Forte's motion to dismiss contains a request for attorney's fees for defending against this action. (Mot. at 8, ECF No. 24.) Mizioznikov asserts that "[f]ees are only awardable in copyright infringement cases where the case has been determined to have been objectively unreasonable." (Resp. at 8, ECF No. 27.)

The Court has broad discretion to award "full costs," including a reasonable attorney's fee, to the prevailing party in a copyright infringement action. 17 U.S.C. § 505. "A showing of bad faith or frivolity is not a precondition to awarding attorney's fees." *Pronman v. Styles*, No. 16-12157, 2017 WL 191933, at *3 (11th Cir. Jan. 18, 2017); *Cable/Home Commc'n Corp. v. Network Prods., Inc.*, 902 F.2d 829, 853 (11th Cir. 1990) (same). The Supreme Court recently clarified that the objective reasonableness of the losing party's position is only one factor in assessing a request for attorney's fees under the Copyright Act and that "a court may award fees even though the losing party offered reasonable arguments." *Kirtsaeng*, 136 S. Ct. at 1988. "[T]he court must also give due consideration to all other circumstances relevant to granting fees; and it retains discretion, in light of those factors, to make an award even when the losing party advanced a reasonable claim or defense." *Id.* at 1983. The Supreme Court noted that a court may consider "a party's litigation misconduct" in assessing fees. *Id.* at 1988. Finally, "in copyright cases, although attorneys' fees are awarded in the trial court's discretion, they are the rule rather than the exception and should be awarded routinely." *Prof'l LED Lighting, Ltd. v. AAdyn Tech., LLC*, 88 F. Supp. 3d 1356, 1376 (S.D. Fla. 2015) (Bloom, J.) (internal citation and quotations omitted).

In considering an award of attorney's fees in this case, the Court notes that Mizioznikov—the losing party—presented grossly misleading arguments in his response to the motion to dismiss. For example, Mizioznikov asserted, "cases have held that the reproduction of copyrighted materials as an exhibit by a litigant without the authority of the copyright owner is actionable infringement." In support, Mizioznikov cited *Perini*. (Resp. at 6, ECF No. 27.) As the Court discussed above, *Perini* does not stand for this blanket proposition, and the *Perini* court recognized that its holding could be easily distinguished from cases just like this present case. *Perini*, 91 F. Supp. 2d at 1086 (noting "the important distinction between copyrighted works that happen to capture information that proves relevant to subsequent litigation, and works that are intended to capture such information, specifically for the purpose of litigation."). What's more, a cursory reading of *Perini* led this Court to a string of cases in several circuits that expressly reject Mizioznikov's misleading statement of law.

Even with respect to the request for attorney's fees, Mizioznikov misstated the caselaw that *he* cited. As discussed above, The *Kirtsaeng* court *expressly rejects* the argument that Mizioznikov attributes to it. And it has not been lost on the Court that *Kirtsaeng* abrogated the attorney's fees decision in *Bond*, 317 F.3d

385, the Fourth Circuit opinion that held that the defendants' use of a copyrighted work as evidence in a state-court proceedings "*fell within the scope of fair use.*" *Id.* at 397 (emphasis added).

Finally, Mizioznikov clearly alluded in his response to the motion to dismiss that the filing of this federal copyright action had one purpose: to intimidate the Fortes into dismissing their state-court complaint. (Resp. at 5, ECF No. 27) ("[Mizioznikov] had to do something to stop Mr. Roth and the Fortes from continuing to copy and distribute his copyrighted photograph . . . ."). Using the federal court system for this purpose certainly constitutes "litigation misconduct." *See Kirtsaeng*, 136 S. Ct. at 1988.

As such, the Court finds that Forte is entitled to an award of reasonable attorney's fees and costs for having to defend against this action.

### 5. Conclusion

Mizioznikov fails to state a claim for copyright infringement. The face of the complaint supports a finding that Forte's use of the book cover order form, which contained a copy of Mizioznikov's photograph, constituted fair use. Accordingly, for the reasons explained above, the Court **grants** Forte's motion to dismiss (**ECF No. 24**). The Court **dismisses** this action **with prejudice**.

Further, the Court **grants** Forte's motion for attorney's fees (**ECF No. 24**) and **finds** that Forte is entitled to an award of reasonable attorney's fees and costs. Forte must file separately a motion for attorney's fees and costs, consistent with Local Rule 7.3, within **sixty days** of entry of final judgment in this case.

**Done and Ordered** in chambers, at Miami, Florida, on March 27, 2017.

_____
Robert N. Scola, Jr.
United States District Judge